IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **GILBERT MARTINEZ,** | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | C.A. NO. C-06-188 |
| | § | |
| **DOUGLAS DRETKE, Director TDCJ-ID,** | § | |
| Respondent. | § | |

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Estelle Unit in Huntsville, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging his Nueces County felony convictions. An order for service of process will issue contemporaneously with this order. On May 12, 2006, petitioner filed a motion requesting the appointment of counsel (D.E. 6).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Respondent has not been served, and has not yet filed a responsive pleading. Scheduling an evidentiary hearing and appointing counsel at this time would be premature.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, Petitioner's Motion for Appointment of Counsel (D.E. 6) is DENIED without prejudice.

ORDERED this 16th day of May, 2006.

                                                      B. JANICE ELLINGTON
                                                UNITED STATES MAGISTRATE JUDGE