IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GILBERT MARTINEZ, § | | |
|     Petitioner § | | |
| § | | |
| VS. § | C.A. NO. C-06-188 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| DIRECTOR, TEXAS DEPARTMENT § | | |
| OF CRIMINAL JUSTICE– § | | |
| INSTITUTIONAL DIVISION, § | | |
|     Respondent § | | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") and currently is incarcerated at the Estelle Unit in Huntsville, Texas. The actions about which he complains took place in Nueces County, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 1, 2006 (D.E. 1). Petitioner claims (1) his due process rights and equal protection rights were violated when the trial court extended his period of probation under a 1997 statute which was not intended to apply to offenses committed in 1991 and (2) his right to be free of an *ex post facto* imposition of law was violated when a 1997 statute was applied to him to extend his probation, which resulted in a later unlawful revocation of his probation. Respondent filed a motion for summary judgment on July 6, 2006 (D.E. 11). Petitioner filed a pleading styled a motion for summary judgment, but which is construed as a response to Respondent's motion for summary judgment (12).

## BACKGROUND

On May 30, 1991 petitioner pleaded guilty to the offense of aggravated sexual assault of a child in Cause No. 91-CR-0674-D in the 105th Judicial District Court of Nueces County, Texas for an offense which occurred on January 24, 1991. Pursuant to a plea agreement, the court deferred proceedings without an adjudication of guilt, placed petitioner on a 10-year term of probation and fined him $1,000 (Jmt. on Plea of Guilt, Appellate Transcript, at 62-68 in State of Texas v. Martinez, No. 13-03-120-CR (Tex.App.– Corpus Christi, July 7, 2005)(not designated for publication)(hereinafter referred to as "App. Tr."; D.E. 10-6 at 24-30)).[1]

On October 4, 2000, a motion to revoke probation was filed alleging petitioner had violated his probation by failing to report a change of residence and for not attending sex offender counseling (App. Tr. at 72-74; D.E. 10-6 at 34-36). On November 9, 2000 the state district court extended petitioner's period of supervision for ten more years with an expiration date of May 30, 2001, ordered that he pay the total amount of his arrearage by May 30, 2001 and ordered him to serve 30 days in the Nueces County jail (App. Tr. at 86-87; D.E. 10-7 at 8-9).

On October 3, 2002 petitioner was charged with one count of insurance fraud in Cause No. 02-CR-3556, alleged to have occurred on February 19, 2002 when he filed a false insurance claim (D.E. 10-3 at 2-3, 6-7; Hrg. on Mo. to Revoke at 4, D.E. 10-2 at 32). A motion to revoke was filed in his sexual assault case and on January 15, 2003, pursuant to a plea agreement, the court revoked petitioner's probation and sentenced him to a 12-year period of incarceration on the sexual assault charge and a two-year period of incarceration on the insurance fraud charge,

---

[1] The state court records are located at D.E. 10. Some documents are identified both by their location in the appellate transcript and by the identifying information printed at the top of each page by the district clerk's office.

with the sentences to run concurrently (Hrg. on Mo. to Revoke at 8-9; D.E. 10-2 at 36-37; Plea Agrmt., D.E. 10-3 at 2-3).

On February 18, 2003 petitioner filed a *pro se* motion for new trial and a notice of appeal with the state district court (App. Tr. at 119-120; 129-138; D.E. 10-8 at 1-2, 11-19). He alleged that the guilty pleas he entered in 1991 and 2003 were involuntary and also that he received ineffective assistance of counsel (Id.). Counsel was appointed and petitioner filed a plea to the jurisdiction arguing that the court exceeded its authority in three ways which rendered void the October 2000 order extending his probation: (1) the court extended petitioner's period of supervision without the legally required factual foundation to do; (2) the court extended his period of detention by more than ten additional years in violation of TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22(c); and (3) the court extended petitioner's period of supervision for an offense occurring prior to September 1, 1997, which it was not authorized to do under TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22A. Petitioner went on to argue that because the court's order of October 9, 2000 was void, the court lacked jurisdiction to revoke petitioner's probation on October 28, 2002 (App. Tr. at 160-161, 176-177; D.E. 10-9 at 2-3, 18-19)[2].

The 13th Court of Appeals remanded the case to the trial court for a hearing on defendant's motion for new trial and ordered the court to forward the record of the proceedings to the Court of Appeals (App. Tr. at 189-190; D.E. 10-9 at 31-32). The trial court held a hearing and overruled the plea to the jurisdiction and the motion for new trial on March 26, 2003 (4 S.F.

---

[2]The motion to revoke was filed on October 28, 2002 (App. Tr. at 104-106; D.E. 10-7 at 26-28). The court ordered petitioner's probation revoked on January 17, 2003 (App. Tr. at 113-115; D.E. 10-7 at 35-37).

3

8-9; D.E. 10-4, pp. 32-33)[3]. Petitioner requested permission to appeal in Cause Nos. 91-CR-674-D and 02-CR-3556-D but the court denied the request (4 S.F. 9; D.E. 10-4, pp. 9-10). The court also denied petitioner's request for a transcript of the colloquy of his May 30, 1991 guilty plea but granted his request for a transcript of the hearing at which petitioner's community supervision was revoked and the sentence imposed, and also of the hearing at which his community supervision was extended an additional ten years (4 S.F. 10-11; D.E. 10-4, at 34-35; App. Tr. at 188; D.E. 10-9 at 30).

The trial court reported its findings to the 13th Court of Appeals on June 20, 2003 (App. Tr. 189-192; D.E. 10-9 at 31-34). The appellate court issued a memorandum opinion on July 7, 2005 finding that petitioner had waived his right to appeal the conviction for aggravated sexual assault of a child when he entered into the plea agreement and the court dismissed the appeal (Martinez v. State of Texas, No. 13-03-120-CR (Tex. App.-- Corpus Christi, July 25, 2005)(not designated for publication).

Petitioner sought an extension of time to file a petition for discretionary review from the Texas Court of Criminal Appeals on August 2, 2005 and the deadline was extended to October 5, 2005 (D.E. 10-1 at 4-8). Petitioner filed the petition for discretionary review on September 1, 2005 (P.D-1123-05, D.E. 10-1 at 9-26) and it was refused on January 3, 2006 (Id. at 3). Petitioner filed the instant habeas corpus action on May 1, 2006 (D.E. 1).

---

[3]"S.F." refers to the statement of facts in Cause Nos. 91-CR-674-D and 02 CR-3556-D, located at D.E. 10-4, pp. 24-40.

Respondent argues that petitioner's application for habeas relief is time-barred and unexhausted. Petitioner responded that he believed his last appointed counsel was helping him in a timely manner.

## APPLICABLE LAW

### A. Statute of Limitations

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

**1.  Extension of Probationary Period**

To the extent petitioner is arguing about the trial court's extension of his probationary period which occurred on October 24, 2000, his claim is time-barred.  Petitioner learned of the factual predicate of his claim on the day that his probation was extended.  He had one year from that date, or until October 23, 2001, to file his petition in federal court.  28 U.S.C. § 2244(d)(1)(D).  He did not do so, and did not take any other action, such as filing a state habeas action, which might have tolled the one-year statute of limitations.[4]  Accordingly, any challenge to the extension of petitioner's probationary period is time-barred in this court.[5]

**2.  Revocation of Probation**

The trial court revoked petitioner's probation on January 15, 2003 and sentenced him to twelve years imprisonment on the sexual assault and insurance fraud charges.  Petitioner filed a notice of appeal and motion for new trial, which was denied by the court of appeals on July 7, 2005.  The Texas Court of Criminal Appeals gave petitioner an extension of time in which to file his petition for discretionary review and he did so on September 1, 2005.  The Court of Criminal

---

[4] See Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999).

[5] This is not to say that petitioner might not be able to bring a habeas corpus cause of action in state court to challenge the extension of probation.  He has not yet brought a habeas action, and an issue exists regarding whether the trial court had the authority to extend his probation when it did so, based on the enabling legislation related to TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22A.  The enabling legislation states that the changes in law made by §22A apply only to a person charged with or convicted of an offense committed on or after the effective date of the act, which was September 1, 1997.  See Act of May 30, 1997, 75th Leg., R.S., ch. 1430, § 10, 1997 Tex. Gen. Laws 5496, 5496.  Also, although petitioner's appeal was denied because he waived his right to appeal when he entered into the plea bargain, if he is challenging the court's jurisdiction, he may do so at any time.  Ex Parte Lewis, 934 S.W.2d 801, 803 (Tex. App. – Houston [1st Dist.] 1996, no writ).

Appeals denied his petition for discretionary review on January 3, 2006 and he filed the instant petition on May 1, 2006.

A defendant whose deferred adjudication is revoked may appeal from the revocation, although the underlying adjudication may be appealed only at the time probation is given. United States v. Vasquez, 298 F.3d 354, 359 (5th Cir. 2002)(citing TEX. CODE CRIM. PROC. ANN. art. § 42,12, § 23(b)(Vernon 1999)). Petitioner had one year from the date the Texas Court of Criminal Appeals denied his petition for discretionary review, or until January 2, 2007, to file this habeas action. 28 U.S.C. § 2244(d)(1)(A). He did so in a timely manner and his challenge to the 2003 probation revocation should not be dismissed as time-barred.

**B. Exhaustion**

Respondent also argues that petitioner's claims are unexhausted. Before a federal court can grant an application for writ of habeas corpus, an applicant must have exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). In order to fully exhaust his state remedies, a petitioner must submit the factual and legal basis of his claim to the highest available court for review in a procedurally correct manner. Satterwhite v. Lynaugh, 886 F.2d 90, 92-93 (5th Cir. 1989). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. See Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir. 1986).

Respondent asserts that petitioner's claims are unexhausted because he did not present them to the intermediate court of appeals although he presented them to the Texas Court of Criminal Appeals. While it is a true statement of the law that the claims must be presented to the

7

intermediate court as well as the Court of Criminal Appeals, Myers v. Collins, 919 F.2d 1074, 1077 (5th Cir. 1990), it is unclear why respondent is arguing that petitioner did not do so.

In petitioner's *pro se* notice of appeal he argued to the 13th Court of Appeals that his plea of true was entered involuntarily on January 15, 2003 and in his *pro se* motion for new trial he argued that his due process rights were violated when his attorney provided ineffective assistance of counsel (App. Tr. at 119-120, 129-140; D.E. 10-8 at 1-2, 11-22).  After counsel was appointed, petitioner argued that the court lacked jurisdiction to revoke his sentence (App. Tr. at 174-175; D.E. 10-9 at 16-17).  Moreover, petitioner filed a plea to the jurisdiction arguing that the court exceeded its authority when it extended petitioner's probation in 2000 and that the court subsequently lacked jurisdiction to revoke the extended probation period (App. Tr. at 176-177; D.E. 10-9 at 18-19).  The trial court held a hearing on these matters and the transcript of the hearing was sent to the court of appeals (4 S.F. at cover; D.E. 10-4 at 24).  Accordingly, it appears that petitioner presented his claims to the 13th Court of Appeals and that he otherwise exhausted his state remedies.

**C.  Merits**

Although respondent does not address the merits of petitioner's claims, he does argue that petitioner waived his right to appeal and that he is not entitled to bring a habeas action. While petitioner might have waived his right to appeal, a guilty plea does not waive jurisdictional defects.  United States v. Longoria, 259 F.3d 363, 365 (5th Cir. 2001), United States v. Owens, 996 F.2d 59, 60 (5th Cir. 1993).  Petitioner in this case is arguing that the trial court was without jurisdiction to revoke his probation in January 2003.  This claim was not waived by petitioner's guilty plea and respondent should be ordered to brief it.

8

**D. Certificate of Appealablility**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that petitioner's claim regarding the extension of his probation be dismissed on procedural grounds. If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (D.E. 11) be granted in part and denied without prejudice in part. Petitioner's claim that his probationary period was wrongfully extended should be dismissed as time-barred. Respondent should be ordered to brief the merits of petitioner's claim that the court lacked jurisdiction to revoke his probation. Should petitioner seek a Certificate of Appealability to challenge the dismissal of his claim regarding the 2000 extension of probation, it should be denied. Finally, it is recommended that petitioner's motion for summary judgment (D.E. 12) be denied.

Respectfully submitted this 10th day of August, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).