IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GILBERT MARTINEZ,<br>　　Petitioner | §<br>§<br>§ | |
| VS. | §<br>§ | C.A. NO. C-06-188 |
| NATHANIEL QUARTERMAN,<br>Director, Texas Department of<br>Criminal Justice–Correctional Institutions<br>Division,<br>　　Respondent | §<br>§<br>§<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER DENYING
## PETITION FOR HABEAS CORPUS

On August 10, 2006 the United States Magistrate Judge filed a Memorandum and Recommendation in this case. She also ordered Respondent to submit briefing on the following issue: Did the state trial court have jurisdiction to revoke Petitioner's probation in January 2003? Both parties subsequently filed supplemental motions for summary judgment. On October 20, 2006, the Magistrate Judge filed a Supplemental Memorandum and Recommendation (D.E. 24). Petitioner did not file any objections. Having reviewed the Magistrate Judge's recommendation and the pleadings on file, the Court adopts the findings and conclusions of the Magistrate Judge.

Petitioner asserts that the district court did not have jurisdiction to revoke his probation. In order to understand the basis for his claim, the Court must consider the procedural background of this case.

On May 30, 1991 Petitioner pleaded guilty to aggravated assault of a child and the court deferred adjudication of the case and placed Petitioner on a 10-year term of probation. On November 9, 2000, the court extended his probation an additional 10 years for failing to report a

change in residence and not attending sex offender counseling. Probation was to end in 2011. On October 3, 2002, Petitioner was charged with insurance fraud. Petitioner pleaded guilty to the insurance fraud charge and pleaded true to the allegations that he had violated the terms of his probation. Pursuant to the plea agreement, on January 15, 2003 the court revoked his probation and sentenced him to a 12-year period of incarceration on the sexual assault charge and a two-year period of incarceration on the insurance fraud charge, with the sentences to run concurrently.

On February 18, 2003, Petitioner filed a *pro se* motion for new trial and notice of appeal with the state district court. Counsel was appointed and Petitioner filed a plea to the jurisdiction in which he made the following arguments: (1) the 2000 order extending his probation was void because the statute under which his probation was extended was not applicable to him; (2) because the state court acted without statutory authority to extend his probation in 2000, it lacked jurisdiction to revoke his probation in 2002. The Thirteenth Court of Appeals remanded the case to the trial court for a hearing on Petitioner's motion for new trial and ordered the court to forward to it a record of the proceedings.

On March 26, 2003, the trial court overruled the plea to the jurisdiction and the motion for new trial. Petitioner requested and was denied permission to appeal both the 1991 conviction and the 2002 revocation of probation. On June 26, 2003 the trial court reported its findings to the Thirteenth Court of Appeals and on July 7, 2005 the appellate court issued a memorandum opinion and dismissed the appeal (Martinez v. State of Texas, No. 13-03-120-CR (Tex. App.--Corpus Christi, July 25, 2005)(not designated for publication)). On September 1, 2005 Petitioner filed a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals. The

PDR was denied without comment on January 3, 2006. On May 1, 2006 petitioner filed this writ of habeas corpus.

Petitioner makes two arguments in this case: (1) the 2000 probation extension was unlawful because the court lacked the statutory authority to extend his probation and therefore (2) the court did not have jurisdiction to subsequently revoke his probation in 2003. For the reasons discussed below, Petitioner's cause of action is dismissed.

**A. Statute of Limitations**

Petitioner's claim that the trial court wrongly extended his probationary period on October 24, 2000 is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(D).[1] Petitioner learned of the factual predicate of his claim on the day his probation was extended and had one year from that date, or until October 23, 2001, to file a petition in federal court. He did not do so within the time period and did not take any other action which might have tolled the one-year statute of limitations.

Petitioner argues that he is entitled to equitable tolling in this case, but has failed to offer any evidence in support of his claim. Equitable tolling is permissible only under rare and exceptional circumstances. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000). Petitioner has described no set of facts or circumstances to substantiate his claim that he is entitled to equitable tolling.

---

[1] A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An issue has been raised regarding whether a challenge to the jurisdiction of the state court excuses Petitioner's compliance with the AEDPA statute of limitations because, as a general rule, challenges to subject matter jurisdiction can be raised at any time. Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 697 (5th Cir. 1997). While it is true that petitioner could challenge *this* court's jurisdiction in *this* case at any time in the proceeding, it is not clear that he can challenge the jurisdiction of the state court at any time by way of a federal habeas petition, as he is attempting to do here. Other than the doctrine of equitable tolling discussed above, neither statute nor case law provide any exceptions to the clearly stated one-year statute of limitations set forth in the AEDPA. See also Dodd v. United States, 545 U.S. 353, 357, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343 (2005)(when text unequivocally identifies date from which one-year limitation period is measured, it must be presumed that statute means what it says) and Mayle v. Felix, 545 U.S. 644, 654, 125 S.Ct. 2562, 2569, 162 L.Ed.2d 582 (2005)(discrete set of rules apply to federal habeas actions launched by state prisoners and Federal Rules of Civil Procedure apply to the extent they are not inconsistent with any statutory provisions or the habeas rules). Accordingly, the one-year statute of limitations applies in Petitioner's case and it is too late for him to challenge the 2000 extension of probation.[2]

Petitioner's challenge to the 2003 revocation of probation is not time-barred. His probation was revoked on January 15, 2003 and he filed a notice of appeal and motion for new trial which was denied by the Thirteenth Court of Appeals on July 7, 2005. The Court of

---

[2]Although AEDPA bars Petitioner from bringing this claim in federal court, because he has not filed a habeas corpus action in state court, he may still do so. The question of the jurisdiction of the convicting court may be raised at any time. Ex Parte Lewis, 934 S.W.2d 801, 803 (Tex.App. – Houston [1st Dist.] 1996, no writ).

Criminal Appeals denied his PDR on January 3, 2006 and he had until January 2, 2007 to file his federal petition. Petitioner timely filed his federal action on May 1, 2006.

### B. Jurisdiction Issue

The basis of Petitioner's challenge to the 2003 revocation of probation is dependent on the issue of whether the state court had jurisdiction to extend his probation in 2000. As discussed above, the statute of limitations has run on Petitioner's 2000 cause of action in this court. However, even if Petitioner had timely challenged the extension of probation, he is raising a state law question which has been decided by the highest court of the state. Accordingly, the question is foreclosed to this federal court. Liner v. Phelps, 731 F.2d 1201, 1203 (5th Cir. 1984). Moreover, "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law[.]" Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). See also Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991)("we are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction merely as a matter of state law") and Herrington v. Mancusi, 415 F.2d 205, 209 (2nd Cir. 1969)("no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law . . . .").

The Fifth Circuit recognized that in some circumstances, an absence of jurisdiction of the convicting court is a basis for federal habeas corpus relief cognizable under the due process clause. Lowery v. Estelle, 696 F.2d 333, 337 (5th Cir. 1983). However habeas relief was not granted in Lowery because the Petitioner had not exhausted his state court remedies, Id. at 337-338, and no authority was found in any court where habeas relief was granted based on a state court's lack of jurisdiction where the state court ruled that it did have jurisdiction over the matter.

Accordingly, Petitioner has failed to state a claim for which relief can be granted in this court. Respondent's Motion for Summary Judgment (D.E. 11) is GRANTED in part and DENIED in part and Respondent's Supplemental Motion for Summary Judgment (D.E. 21) is GRANTED. Petitioner's Motion for Summary Judgment (D.E. 12) and Supplemental Motion for Summary Judgment (D.E. 23) are DENIED and Petitioner's habeas corpus petition is DISMISSED with PREJUDICE.[3]

The Court further ORDERS that a certificate of appealability shall NOT issue.

ORDERED this ___7___ day of ___March___, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[3] Petitioner makes a compelling argument that the state trial court was without jurisdiction to extend his probation in 2000 when he was convicted in 1991. The trial court extended Petitioner's probation under § 22(A) of Article 42.12 of the Texas Code of Criminal Procedure, although the enabling legislation states that changes in law made by § 22A apply only to a person charged with or convicted of an offense committed on or after the effective date of the act, which was September 1, 1997. See Act of May 30, 1997, 75th Leg., R.S., ch. 1430, § 10, 1997 Tex. Gen. Laws 5496. Petitioner is entitled to raise this issue to the state trial court if he seeks relief by way of a state habeas action. Ex Parte Lewis, 934 S.W.2d at 803.